Troyer v. Schweizer et al.

Dominick Troyer,

*vs.*

Ulrick Schweizer, et al.

W. brought an action before a justice of the peace against T., the summons being served by publication, under *Ch.* 38, *Laws* 1860, and S. & E being summoned as garnishees, under *Ch.* 70, *Laws* 1860.   Judgment was rendered against T. (who did not appear) as well as against the garnishees.   The garnishees paid the amount of the judgment to the justice, which payment was "made by said E. & S., without any execution being issued against them, voluntarily, at the instruction of said justice, and upon demand of said W.'s attorney, stating that unless it was paid, he should issue execution."   Subsequently to the payment, and within one year after the rendition of the judgment, T. was permitted to appear before the justice and defend the action brought by W., and the judgment in favor of W. was set aside, and judgment rendered in favor of T. which

was affirmed on appeal to the district court. T. brings this action to recover of the garnishees, the amount paid by them aforesaid.

*Held*, that under *Sec.* 32, *Ch.* 70, *Laws* 1860, the payment by the garnishees operated to acquit and discharge them from all claim on the part of Troyer for the amount so paid.

The plaintiff commenced an action in the district court for Ramsey county, to recover of the defendants the sum of $109.05, with interest.

The only defence to the action alleged in the answer was substantially as follows: that in February, 1866, one John Walters brought an action, before a justice of the peace against the plaintiff; that the defendants were summoned as garnishees; that judgment was rendered in such action against the plaintiff in this action, and against the defendants as his garnishees; that the defendants have discharged their indebtedness to the plaintiff by the payment of such judgment to the justice. It was stipulated that the matters set forth in the answer were true; and it further appeared by stipulation, that the payment of such judgment was made by the defendants, without any execution being issued against them, voluntarily, on the instruction of the justice, and demand of Walters' attorney, stating that unless it was paid, he should issue execution; that the action against Troyer was commenced while he was absent from the State; that the summons therein was served by publication; that subsequent to such payment, but within one year from the entry of judgment, upon application of Troyer the judgment was set aside, and he was permitted to defend and that he was successful in his defense, and recovered judgment against said Walters for costs, which judgment was affirmed in the district court, on appeal.

The referee before whom the case was tried found for the

Troyer v. Schweizer et al.

defendants, and judgment in their favor for costs was entered, from which the plaintiff appeals to this court.

I. V. D. Heard for Appellant.

L. E. Thompson for Respondents.

*By the Court*—Berry, J.—Walters brought an action before a justice of the peace against the appellant Troyer, the summons being served by publication under *chap.* 38, *Laws* 1860, and the respondents being summoned as garnishees under *chap.* 70, *Laws* 1860. Judgment was rendered against Troyer, (who did not appear,) as well as against the garnishees. The garnishees paid the amount of the judgment to the justice, and in the language of the record " such payment was made by said Emmert and Schweizer, without any execution being issued against them, voluntarily, at the instruction of said justice, and upon demand of said Walters' attorney, stating that unless it was paid, he should issue execution." Subsequently to the payment, and within one year after the rendition of the judgment, Troyer was permitted to appear before the justice and defend the action brought as aforesaid by Walters. Upon a hearing, the judgment in favor of Walters was set aside, and judgment rendered in favor of Troyer. This latter judgment was affirmed in the district court upon appeal by Walters. Troyer brings the present action to recover of the respondents the amount paid by them, as aforesaid, and from the judgment rendered in this action in the district court, in favor of the respondents, Troyer appeals to this court.

In the action instituted by Walters, the plaintiff (Walters) was authorized to proceed as he did to final judgment against Troyer, (*sec.* 3, *ch.* 38, *Laws* 1860) as well as against the garnishees. *Sections* 13, 14, 24, *ch.* 70, *Laws* 1860.

Upon this judgment the justice had the right, and it was his duty to issue execution, at any time on demand. *Sec.* 89, *ch.* 59, *Pub. Stat.*

As the justice had the right, and the money which might be realized upon an execution was payable to the justice, (*sec.* 90, *ch.* 59, *Pub. Stat.*) the garnishees were justified in making payment directly to the justice, upon demand of Walters' attorney, without waiting for the issue of execution. And under *sec.* 32, *ch.* 70, *Laws* 1860, such payment operated to "acquit and discharge" the garnishees from all claim on the part of Troyer for the amount so paid. Although it is true as urged, that the judgment was subject to be set aside during a year after its rendition, there is nothing in the statute which justifies the position taken by Troyer's counsel, that the garnishees paid *prematurely*, because they did not wait until the expiration of the year, before they paid the judgment.

It is further argued that Walters could take no legal steps to collect his judgment, until the provisions of *secs. 4 and 5 ch.* 38, *laws* 1860, had been complied with, by the filing of a transcript, bond, &c., in the district court; that the justice had no authority to issue execution; that execution where the justice's summons was served by publication could issue out of the district court only, and that as no transcript or bond was filed in this instance, neither Walters, nor the justice, had any right to receive, or the garnishees any right to pay the judgment.

To this we answer, that the statute did not require any bond to be filed with the justice, it did not forbid him to issue execution, nor make the filing of the transcript and bond in the district court a condition precedent to his right to issue execution under the general rule enacted in *sec.* 89, *ch.* 59, *Pub. Stat.*, before cited. This was perhaps an im-

perfection and inconsistency in the statute, which it is not for us to remedy in this case, though the legislature would appear to have attended to it for the future, in *sec.* 68, *ch.* 65, *Gen. Stat. and ch.* 74, *laws* 1869.

Judgment affirmed.